FILED _____ LODGED
_____ RECEIVED ___ COPY

OCT 2 5 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

John Collins, Plaintiff pro se
PO Box 155
Winkelman AZ 85192
520-289-7176

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA:

John Collins;
        Plaintiff, pro se

**CV-12-02284-PHX-LOA**

V

Civil Action No:

Wells Fargo Bank;
W Peter Ragan Jr PA personally;
Todd Gurstel PA personally;
Bradley M. Soos JPT personally;
and Robert Kent JP personally;
        Defendants

**COMPLAINT:**

---

### JURISDICTION & VENUE:

1. This Court has jurisdiction under the Constitution.

2. This Court has jurisdiction under 15 USC 1692 et seq.

3. This Court has jurisdiction under 42 USC 1985(3).

4. The venue is proper under 28 USC 1391(a)(2) because the cause of action arose and the acts complained of occurred in this district.

### THE PARTIES:

5. John Collins (hereinafter known as Collins) is Plaintiff and resides in the State of Arizona with a mailing address of PO Box 155 Winkelman AZ 85192.

6. Wells Fargo Bank (hka Fargo) is Defendant is a corporation in the State of California with registered office located in Delaware and registered agent being Corporation Service

Company with a mailing address of 2711 Centerville Rd Suite 400 Wilmington Delaware 19808.

7. W Peter Ragan Jr, (hka Velocity) is Defendant residing in the State of New Jersey with a mailing address of 1800 Route 34 North Building 4 Suite 404A Wall NJ 07719.

8. Todd Gurstel (hka Gurstel) is Defendant residing in the State of Minnesota with a mailing address of 6681 Country Club Dr Golden Valley MN 55427.

9. Robert Kent (hka Kent) is Defendant residing in the State of Arizona with a mailing address of 1470 Justice Dr. Oracle AZ 85623.

10. Bradley M. Soos (hka Soos) is Defendant residing in the State of Arizona with a mailing address of PO Box 2730 Florence Arizona 85132.

## STATEMENTS:

11. This action arises under conspiracy.

12. This action arises under the 5th and 14th Amendments to the US Constitution for right to Due Process.

13. This action arises under Civil Right to Equal Protection under law.

14. This action arises under FDCPA et seq for unlawful acts.

15. This action arises under abuse of power by state and county judges.

## GENERAL ALLEGATIONS:

16. Wells Fargo Bank is being sued for concerted overt acts in furtherance of a conspiracy to deprive citizens of equal protection under law.

17. Velocity is a debt buyer and was Plaintiff in case number J 1105 CV 20110088 (hka CV 20110088).

18. The unlawful actions hereinafter alleged committed by Velocity were planned, condoned, encouraged, or approved by W Peter Ragan Jr.

19. W Peter Ragan Jr is being sued personally for concerted overt acts in furtherance of a conspiracy committed by him and or his partners and or associates whereas he is president of Velocity Investments LLC.

20. Gurstel is a debt collector as defined in 15 USC 1692a(6) and was debt collector in case number CV 20110088.

21. The unlawful, unethical, or unconstitutional actions hereinafter alleged committed by Gurstel were planned, condoned, encouraged, or approved by Todd Gurstel and or partners and or associates of Gurstel Chargo PA.

22. Todd Gurstel is being sued personally for the unlawful, unethical, or unconstitutional acts in furtherance of a conspiracy by him and or his partners and or associates whereas he is senior partner of Gustel Chargo PA.

23. Kent is Justice of the Peace for Oracle Precinct # 5 Justice Court for Pinal County and was Judge for case number CV 20110088.

24. Kent is being sued personally for unethical, unlawful, or unconstitutional concerted overt acts in furtherance of a conspiracy when he had no legal authority.

25. Soos is Judge Pro Tem for Superior Court for Pinal County and was Appeals Judge for case number J 1100 CV 201104350  (hka CV 201104350/aka CV 20110088).

26. Soos is being sued personally for unethical, unlawful, or unconstitutional concerted overt acts in furtherance of a conspiracy when he had no legal authority.

27. Kent and Soos abused the power of their official offices by sitting in judgment when they had no state authority.

28. Collins is a consumer as defined in 15 USC 1692a(3) and was pro se Defendant in case number CV 20110088.

29. Collins was damaged financially when Velocity was awarded more than seven thousand dollars in case number CV 20110088.

30. Collins was damaged by deprivation of his right to Due Process.

31. Collins was damaged by deprivation of his Civil Right to Equal Protection by conspiracy.

32. Collins was damaged by unlawful acts under FDCPA et seq.

33. Collins was damaged by abuse of power by state and county judges.

34. That Collins may have owed a debt to someone does not permit anyone to deprive Collins of his constitutional and or civil rights in pursuit of that alleged debt.

35. W Peter Ragan Jr, Todd Gurstel, Robert Kent, and Bradley Soos are all officers of a court and required by Judicial Ethics to act appropriately, in accordance with the law, and in good faith during court proceedings.

## COUNT 1:

36. Collins re-alleges all statements in all previous allegations.

37. Gurstel and Kent knew or should have known Gurstel presented a Complaint that was defective whereas Gurstel did not attach a signed contract or proof of a valid assignment to the Complaint.

38. Gurstel knew and or should have known Gurstel falsely represented Gurstel's actual interest in case number CV 20110088 whereas "incentives" to be paid to Gurstel were not alleged anywhere in Complaint or Arizona Rule 26.1 Disclosure thereby failing to provide an accurate, complete, itemized, statement of money sought.

## COUNT 2:

39. Collins re-alleges all statements in all previous allegations.

40. Gurstel came in disguise as state authority into Collins' house by means of the US Mail to use unlawful means to obtain an unlawful end.

41. Gurstel knew or should have known it falsely represented itself as state authority whereas Gurstel fabricated a "Dismissal without Prejudice" to appear as though it was issued by Pima Consolidated Justice Court and mailed it to Collins.

## COUNT 3:

42. Collins re-alleges all statements in all previous allegations.

43. Gurstel knew or should have known Gurstel failed to provide Collins with a first contact letter whereas "Dismissal without Prejudice" from Pima Consolidated Justice Court, fabricated or not, does not constitute first contact prior to case number CV 20110088.

## COUNT 4:

44. Collins re-alleges all statements in all previous allegations.

45. By not sending Collins a first contact letter Collins was deprived of Collins' right under law to dispute the alleged debt prior to case number CV 20110088.

## COUNT 5:

46. Collins re-alleges all statements in all previous allegations.

47. By not providing Collins with first contact letter Collins was deprived of Collins' right under law to have the alleged debt validated prior to case number CV 20110088.

## COUNT 6:

48. Collins re-alleges all statements in all previous allegations.

49. Gurstel knew or should have known it used unfair and unconscionable means attempting to collect the debt by presenting and maintaining suit on a debt Velocity did not own whereas no valid assignment exists back to original creditor and or there is no signed contract.

## COUNT 7:

50. Collins re-alleges all statements in all previous allegations.

51. Velocity presented an Affidavit of Amount Owed that was false, misleading, or deceptive whereas the author testified Velocity owned the debt when he knew or should have known Velocity did not own the debt.

## COUNT 8:

52. Collins re-alleges all statements in all previous allegations.

53. Gurstel knew or should have known it used unfair and unconscionable means attempting to collect debt by presenting and maintaining suit on a debt that was time barred whereas the debt accrued more than three years prior to Gurstel presenting suit in Oracle Justice Court #5 and before new Arizona law took effect.

## COUNT 9:

54. Collins re-alleges all statements in all previous allegations.

55. Gurstel knew or should have known Gurstel took an action that could not legally be taken by presenting and maintaining suit on a debt Velocity did not own and or was time barred.

## COUNT 10:

56. Collins re-alleges all statements in all previous allegations.

57. Kent and Gurstel committed a concerted overt act in furtherance of this conspiracy whereas Gurstel mailed 29 June 2011 and Kent signed 06 July 2011, an Entry for Default they knew

or should have known was supported by an Application/Affidavit for Default that was false, misleading, or deceptive, and or defective.

58. Kent berated, fined, and threatened Collins for a supposedly derogatory letter Collins addressed to Kent in response to Kent signing an Entry for Default Kent knew or should have known was defective whereas Gurstel failed to attach the contract to the Application/Affidavit for Default and or Gurstel failed to testify Collins had been served with Summons in Application/Affidavit for Default.

59. Kent berated, fined, and threatened Collins for a supposedly derogatory letter Collins addressed to Kent in response to Kent signing the Entry for Default Kent knew or should have known was false, misleading, or deceptive whereas Gurstel falsely testified Collins did not answer or otherwise defend, and or Gurstel falsely testified Gurstel sent the Application/Affidavit to Collins last known address.

60. Kent deprived Collins of Collins' right to Due Process whereas Judicial Ethics required Kent recuse himself after berating, fining, and threatening Collins for failing to provide Collins with a fair and impartial hearing.

61. Kent relinquished jurisdiction 14 September 2011 over case number CV 20110088 whereas Kent held Collins to a higher standard than Kent was able to attain by berating, fining, and threatening Collins with imprisonment in response to the supposedly derogatory letter.

**COUNT 11:**

62. Collins re-alleges all statements in all previous allegations.

63. Gurstel knew or should have known presenting an Application/Affidavit for Default it knew or should have known was defective it attempted to take an action that could not legally be taken.

## COUNT 12:

64. Collins re-alleges all statements in all previous allegations.

65. Gurstel harassed Collins by sending Application/Affidavit for Default 29 June 2011, Entry for Default 08 July 2011, Motion for Telephonic Hearing 16 August 2011, and Order for Telephonic Hearing about 17 August 2011 to Collins' brother's address when Gurstel knew or should have known Collins correct mailing address to be fifty miles away requiring Collins unnecessary time and expense to retrieve the documents.

## COUNT 13:

66. Collins re-alleges all statements in all previous allegations.

67. Gurstel presented an Application/Affidavit for Default Gurstel knew or should have known was false, misleading, or deceptive whereas Gurstel falsely testified Collins did not answer or otherwise defend and or falsely testified Gurstel sent application/affidavit to Collins at last known address when Collins correct address was stated in Collins' Answer.

## COUNT 14:

68. Collins re-alleges all statements in all previous allegations.

69. Gurstel knew or should have known Gurstel committed an unfair and unconscionable act by sending Application/Affidavit for Default 29 June 2011, and Motion for Telephonic Hearing 16 August 2011, to Collins' brother's address Gurstel knew or should have known was fifty miles from Collins when Gurstel knew or should have known it would, and did, lessen the time Collins had to respond.

## COUNT 15:

70. Collins re-alleges all statements in all previous allegations.

71. Soos deprived Collins of Collins' right to Due process whereas Soos did not notify Collins the case was being considered for appeal until 19 December 2011 and ruled on the Appeal 21 December 2011 without affording Collins an opportunity to present an argument.

## COUNT 16:

72. Collins re-alleges all statements in all previous allegations.

73. Soos deprived Collins of Collins' right to Due Process by ruling on a case Soos knew or should have known Soos had no jurisdiction over whereas Soos knew or should have known Kent was required by Judicial Ethics to recuse himself from case number CV 20110088 after fining Collins for contempt.

## COUNT 17:

74. Collins re-alleges all statements in all previous allegations.

75. Soos deprived Collins of Collins' right to Due Process by authoring a Ruling Soos knew or should have known was so wrong on every issue addressed that the Ruling could only have been made by someone who was partial.

76. Soos relinquished jurisdiction over case number CV 201104350/CV 20110088 whereas Soos held Collins to a higher standard than Soos was able to attain for Soos' Ruling that was based on Gurstel's Response to Motion to Amend that was late, and or in response to a motion that had been struck, and or had no merit.

## COUNT 18:

77. Collins re-alleges all statements in all previous allegations.

78. Kent deprived Collins of Collins' constitutional right to defend whereas Kent denied Collins' 2nd Motion for Summary Judgment as to affirmative defenses when Kent knew or should

have known Collins had a constitutional right to defend and under ARCP was entitled to present affirmative defenses by summary judgment.

## COUNT 19:

79. Collins re-alleges all statements in all previous allegations.

80. Kent deprived Collins of Collins' right to Due Process when Kent refused to recuse himself from the proceedings as required by Judicial Ethics after Collins presented a Motion to Recuse 19 January 2012 showing the appearance of partiality and supported by case law thereby depriving Collins a fair and impartial hearing.

## COUNT 20:

81. Collins re-alleges all statements in all previous allegations.

82. Gurstel and Kent committed a concerted overt act to deprive Collins of Collins' constitutional right to face his accuser when Gurstel presented a  Motion for Telephonic Hearing by fax 02 February 2012 and Kent signed the Order 02 February 2012 when they knew or should have known Collins could not possibly respond before the hearing 03 February 2012.

## COUNT 21:

83. Collins re-alleges all statements in all previous allegations.

84. Gurstel, Kent, and Soos came in disguise as state authority into Collins' house by means of the US Mail to use unlawful means to obtain an unlawful end.

85. Fargo and Velocity committed concerted overt act in furtherance of this conspiracy whereby Fargo would loan money to Velocity to buy old debt using Fargo's specific eligibility criteria that targeted Native Americans and or veterans and or elderly and or disabled and or debtors.

86. Fargo knew or should have known Velocity would use unlawful means attempting to collect the alleged debt from Native Americans and or veterans and or elderly and or disabled and or debtors whereas Velocity advertised such action on "velocitycollect.com."

87. It was Velocity's company policy to pay "incentives" to Gurstel to commit unlawful acts against Collins attempting to collect an alleged debt when they knew or should have known Collins was a Native American and or veteran and or elderly and or disabled and or debtor.

88. Velocity and Gurstel proceeded directly to court action against Collins attempting to collect a debt Velocity did not own when they knew or should have known by so doing they deprived Collins of rights and or privileges to which Collins was entitled under FDCPA et seq.

89. Velocity and Gurstel proceeded in such a manner when Gurstel knew or should have known by so doing Gurstel deprived Collins of the same protection under FDCPA et seq enjoyed by all other debtors.

90. It was not possible to violate so many statutes under FDCPA et seq that Gurstel violated except that the persons committing those unlawful acts are either totally incompetent in their chosen field of employment or they intended to commit those acts knowingly and with forethought with the intent to damage Collins by unlawful and or unconstitutional means.

91. By their concerted overt actions Fargo, Velocity, and Gurstel established they have a class based invidiously discriminatory animus against Collins.

92. Based on all previous allegations it was the intent of Fargo, Velocity, and Gurstel, to commit concerted overt acts in furtherance of a conspiracy to deprive Collins of the same rights and or privileges under FDCPA et seq enjoyed by all other debtors.

93. Based on all previous allegations it was the intent of Fargo, Velocity, and Gurstel, to conspire to deprive Collins of the same protection under FDCPA et seq enjoyed by all other debtors

because Collins is a Native American and or veteran and or elderly and or disabled and or debtor.

## COUNT 22:

94. Collins re-alleges all statements in all previous allegations.

95. Gurstel presented suit before the court without reasonable cause whereas Velocity and Gurstel knew or should have known there was no valid assignment, no signed contract, and or the debt was time barred.

96. Kent and Soos acted outside the scope of their employment and deprived Collins a fair and impartial hearing by falsely representing themselves as state authority thereby depriving Collins of Collins' right to Due Process.

97. Gurstel, as Officers of the Court, perpetrated a fraud upon the Court by acting in bad faith whereas they presented arguments without merit; presented false, misleading, or deceptive documents; and or presented a defective Complaint.

98. Velocity, as an officer of a court, perpetrated a fraud upon the court by presenting and maintaining suit on a debt Velocity did not own, and or was time barred.

99. It was not possible for Kent and Soos to commit so many errors of legal authority and or Judicial Ethics and or abuse the power of their official offices except that they are either totally incompetent as judges for the State of Arizona or intended to damage Collins knowingly and with forethought by unethical, unlawful, or unconstitutional means.

100.    By their actions and based on all previous allegations Fargo, Velocity, Gurstel, Kent, and Soos committed concerted overt acts to deprive Collins of the same right under the Constitution to Defend enjoyed by all other citizens because Collins is a Native American and or veteran and or disabled and or elderly and or debtor.

101.   By their actions and based on all previous allegations Fargo, Velocity, Gurstel, Kent, and Soos committed concerted overt acts to deprive Collins of the same right under the Constitution to Face Accuser enjoyed by all other citizens because Collins is a Native American and or veteran and or disabled and or elderly and or debtor.

102.   By their actions and based on all previous allegations Fargo, Velocity, Gurstel, Kent, and Soos committed concerted overt acts to deprive Collins of the same right under the Constitution to Due Process, enjoyed by all other citizens, because of their class based invidiously discriminatory animus toward Collins.

103.   By their actions and based on all previous allegations Fargo, Velocity, Gurstel, Kent, and Soos, established they are evil men who commit evil deeds for the malicious, fraudulent, reckless, and intentional unlawful and or unethical and or unconstitutional concerted overt acts in furtherance of the conspiracy with the purpose of damaging Collins by their total wanton disregard for the law and the rights of others.

### DEMANDS FOR RELIEF:

Wherefore based on the foregoing Plaintiff requests compensatory relief in the form of reversing Judgment in case number J1105 CV 20110088 from Oracle Justice Court #5 for Pinal County.

Wherefore based on the foregoing Plaintiff requests compensatory relief in the form of reversing Ruling in case number S 1100 CV 201104350 from Superior Court for Pinal County.

Wherefore based on the foregoing Plaintiff requests injunctive relief in the form of sufficient damages paid to the Court from each Defendant to encourage each Defendant will adhere to lawful and ethical means in the future.

Wherefore based on the foregoing Plaintiff requests punitive relief in the form of a handwritten letter of apology addressed to Plaintiff, John Collins, by the CEO of Wells Fargo Bank, W Peter Ragan Jr, Todd Gurstel, Robert Kent, and Bradley Soos, and posting a copy of the letter with a true and complete copy of this Complaint in every newspaper in all local areas where each Defendant has an office within the State of Arizona twice a month for 3 years; and notifying Collins when and in what papers the letter with true and complete copy of Complaint will appear; and posting the letter with true and complete copy of Complaint prominently on each Defendant's Web Homepage, using one half the WEB Homepage and in font size 14 and continued as needed by links to other pages, of each Defendant continuously for 5 years and any other relief as the Court may deem fair and reasonable.

By my signature below I hereby certify to the best of my knowledge and ability all allegations contained herein to be true and correct.

Date: 10/24/2012

John Collins, Plaintiff pro se
PO Box 155
Winkelman AZ 85192
520-289-7176