**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Collins, | ) | No. CV-12-2284-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Wells Fargo Bank et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed a *pro se* Complaint on October 25, 2012, doc. 1, and an Application to Proceed *in forma pauperis* on the same day, doc. 2.

**I. Standard for Reviewing Complaint**

A district court is required to screen complaints brought by litigants who request, or have been granted, leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.,* 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000)); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Jones v. Social Sec. Admin.*, 2007 WL 806628 (E.D. Cal. 2007). Title 28 U.S.C. § 1915(e)(2)(B) provides that the district court "shall dismiss a case at any time if it determines that . . . the action or appeal (i) is frivolous

or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." In other words, section 1915(e) "*requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Long*, 2012 WL 588965, at *1 (emphasis added). A complaint is legally frivolous within the meaning of section 1915 "where it lacks any arguable basis either in law or fact." *Denton*, 504 U.S. at 31.

While this Court recognizes the significant challenges a non-lawyer *pro se* litigant may have in representing himself, the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2441, 2446 (2004). Requiring trial judges to explain the details of federal procedure or act as the *pro se's* counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." *Id.*

## II. Application to Proceed *In Forma Pauperis*

Having reviewed Plaintiff's Request to Proceed *In Forma Pauperis,* and good cause appearing, Plaintiff's Request will be granted, *see* 28 U.S.C. § 1915(a); however, the Court will withhold granting it until Plaintiff complies with this Order. At such time as compliance is ascertained, the Court will then issue the Order granting *In forma Pauperis* status.

## III. The Complaint

The Complaint contains twenty two (22) counts for relief, with violations ranging from conspiracy, due process, equal protection, the FDCPA to abuse of power by court officers. Plaintiff seeks compensatory, injunctive and punitive relief.

Plaintiff names the following Defendants: 1) Wells Fargo Bank; 2) W. Peter Ragan, Jr.; 3) Todd Gurstel; 4) Robert Kent; and 5) Bradley M. Soos.

## IV. Improper Defendants

According to Plaintiff, Defendant Kent is a Justice of the Peace for Pinal County, Arizona and was the Judge in one of Plaintiff's prior cases, CV-2011-88. Defendant Soos is a Judge *Pro Tempore* for Pinal County Superior Court and was the appeals judge for the above mentioned case. (Doc. 1 at p. 3) Plaintiff is suing both judicial officials for "unethical,

1  unlawful, or unconstitutional concerted overt acts in furtherance of a legal conspiracy when
2  [they] had no legal authority" and for "abus[ing] the power of their official offices by sitting
3  in judgment when they had no state authority." (*Id.*)

4  Judges are immune except for acts *not* taken in their judicial capacity or taken in the
5  absence of all jurisdiction. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *Harvey*
6  *v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). Immunity attaches even if the act was
7  erroneous or injurious, and irrespective of the Judge's motivation. *Id.* (citing *Cleavinger v.*
8  *Saxner*, 474 U.S. 193, 199-200 (1985)). An act is "judicial" when it is a function normally
9  performed by a judge and the parties dealt with the judge in his or her judicial capacity.
10 *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This
11 immunity attaches even if the judge is accused of acting maliciously and corruptly, *Peirson*
12 *v. Ray*, 386 U.S. 547, 553-54 (1967), or made grave errors of law or procedure. *Schucker v.*
13 *Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *see also Ammons v. Baldwin*, 705 F.2d
14 1445, 1446-48 (11th Cir. 1983) (judge entitled to immunity from a claim that he verbally
15 abused and humiliated plaintiff); *Tanner v. Heise*, 879 F.2d 572, 577-78 (9th Cir. 1989).
16 Regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for
17 acts performed in the judge's official capacity. *O'Neill v. City of Lake Oswego*, 642 F.2d 367
18 (9th Cir. 1981) (*pro tem* municipal judge); *Tanner*, 879 F.2d at 577-78 (magistrate judge);
19 *Brewer v. Blackwell*, 692 F.2d 387, 396 (11th Cir. 1982) (justice of the peace).

20 Here, the conduct of the two judges, as alleged by Plaintiff, was judicial in nature.
21 Consequently, they are entitled to absolute immunity from a civil action for damages. As
22 such, they are improper Defendants.

23 **V. Failure to State a Claim**

24 The Court advises Plaintiff that although a *pro se's* pleadings may be held to a less
25 stringent standard than those prepared by attorneys. *Rand*, 154 F.3d at 957 (citing *Haines*
26 *v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must "abide by the rules of the
27 court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006,
28 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must meet certain minimal standards of

1  pleading." *Ticktin v. C.I.A.,* 2009 WL 976517, at *4 (D. Ariz. April 9, 2009) (citation
2  omitted). A *pro se* complaint that . . . fails to plainly and concisely state the claims asserted
3  . . . falls short of the liberal and minimal standards set out in Rule 8(a)." *Id.* (citation
4  omitted).

5  Federal Rule of Civil Procedure 8(a)(2), ("Fed. R. Civ. P."), requires a com-
6  plaint to include "a short and plain statement of the claim showing that the pleader is
7  entitled to relief."  While Rule 8 does not demand detailed factual allegations, "it
8  demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation."
9  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a
10 cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other
11 words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
12 requires more than labels and conclusions, and a formulaic recitation of a cause of
13 action's elements will not do. Factual allegations must be enough to raise a right to relief
14 above the speculative level on the assumption that all the allegations in the complaint are
15 true . . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (citations and
16 emphasis omitted).  "[A] complaint must contain sufficient factual matter, accepted as
17 true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S. Ct. at 1949
18 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads
19 factual content that allows the court to draw the reasonable inference that the defendant is
20 liable for the misconduct alleged." *Id.* "Determining whether a complaint states a
21 plausible claim for relief [is] . . . a context-specific task that requires the reviewing court
22 to draw on its judicial experience and common sense." *Id.* at 1950.

23 After *Twombly* and *Iqbal*, Rule 8(a), Fed. R. Civ. P. requires a short and plain
24 statement providing factual evidence that logically leads to a plausible claim for relief.
25 Mindful that a district court must construe *pro se* pleadings liberally, *Haines,* 404 U.S. at
26 520, the Court concludes, after reviewing Plaintiff's Complaint, that it fails to comply with
27 several subparts of Rule 8(a), Fed. R. Civ. P.
28 / / /

**VI. Discussion**

Simply stated, Plaintiff's Complaint does not comply with several components of Rule 8 of the Federal Rules of Civil Procedure. First and foremost, the Court is unable to determine from the Complaint precisely what causes of action Plaintiff is alleging. Although Plaintiff sets forth under his "Statements" section what theories his action arises under, *e.g.*, conspiracy, due process, equal protection and the like, under each separate count, it is not clear what cause of action Plaintiff is alleging because he makes no mention of it. For example, it is not clear in Counts 1 through 14 what each alleged cause of action is. In Counts 15 through 17 and Counts 19 and 22, Plaintiff alleges a due process violation, but he fails to set forth any of the elements of a due process claim. In Count 18, Plaintiff alleges he was denied his constitutional right to defend, but he does not explain what he means by that. Finally, in Counts 20 and 21, Plaintiff appears to be alleging some form of a conspiracy claim, but he again fails to set forth any of the elements of such a claim or allege sufficient facts to support a plausible due process claim.

Additionally, in his Demands for Relief section, Plaintiff asks for relief that the Court cannot order. For example, his first demand for relief is for "compensatory relief in the form of reversing Judgment in case number J1105 CV 20110088 from Oracle Justice Court #5 for Pinal County." (Doc. 1 at 13) This Court does not have jurisdiction to reverse a Pinal County Justice Court decision and even if it did, Plaintiff's demand for relief is compensatory in nature. Secondly, Plaintiff requests "a handwritten letter of apology . . . and posting a copy of the letter . . . in every newspaper in all local areas[.]" (*Id.* at 14) Plaintiff's remaining demands for relief are equally inappropriate demands for relief.

**VII. Leave to Amend**

Leave to amend a complaint should be freely given when justice so requires. Fed. R.Civ.P. 15(a)(2). In the Ninth Circuit, a *pro se* litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Marinov v. Federal Nat'l Mortg. Ass'n,* 2012 WL 136003, at *3 (D. Ariz. Jan. 18, 2012) (citation omitted). It is not "absolutely clear" at this time that the deficiencies in

- 5 -

the *pro se* Complaint can not be cured against the non-judicial defendants by amendment to allege sufficient factual allegations to support a plausible claim or claims. A district court may not, however, advise a *pro se* litigant, or any litigant, on how to cure pleading defects. This type of advice "would undermine [trial] judges' role as impartial decisionmakers." *Pliler*, 542 U.S .at 231; *see also Lopez*, 203 F.3d at 1131 n. 13 (declining to decide whether court was required to inform litigant of deficiencies). Moreover, because no one has yet been served, answered, or otherwise appeared in this action, Plaintiff may amend his complaint once as a matter of right. Fed.R.Civ.P. 15(a)(1).

Before this matter can proceed to service of process, Plaintiff must amend the Complaint to comply with Rule 8(a), Fed.R.Civ.P., and this Order. Therefore, the Court will order Plaintiff to file a timely Amended Complaint to allege claims in accordance with Fed.R.Civ.P. 8(a) and Local Rules of Civil Procedure ("LRCiv") or his lawsuit may be dismissed.

Accordingly,

**IT IS ORDERED** that if Plaintiff seeks to file an Amended Complaint, in compliance with Rule 8(a), Fed.R.Civ P., and LRCiv 7.1, he shall do so by **Friday, December 7, 2012.** The Amended Complaint must contain a short and plain statement of Plaintiff's factual allegations against defendants and allege plausible claims upon which relief may be granted against each defendant. It must be consistent with this Order, set forth sufficient facts to support each claim, and it must comply with the Local Rules**.**

**IT IS FURTHER ORDERED** that the failure to timely comply with this Order may result in the dismissal of Plaintiff's Complaint without prejudice pursuant to Rule 12(b)(6), Rule 41, Fed. R. Civ. P., or pursuant to the Court's inherent power. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial courts have inherent power to control

/ / /

/ / /

/ / /

1 their docket and, in exercise of that power, may impose sanctions including, where
2 appropriate, dismissal of a case).

3    Dated this 16th day of November, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge